UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ST. TAMMANY PARISH | CIVIL ACTION |
| VERSUS | CASE NO. 11-1472 |
| OMNI PINNACLE, L.L.C., ET AL. | SECTION: "G"(1) |

### ORDER

Currently before the Court is a Motion for Payment of St. Tammany Parish Court Costs (the "Motion") filed by Malise Prieto, Clerk of Court in and for the Parish of St. Tammany, State of Louisiana (the "Clerk").[1] In the Motion, the Clerk requests that a fee of $5,655.31 be paid to the St. Tammany Parish Clerk of Court's Office from the funds deposited in the above-captioned matter for costs incurred by the St. Tammany Parish Clerk of Court's Office in relation to this matter. After considering the Motion, oppositions, record, and applicable law, the Court will deny the Motion.

### I. Background

On April 8, 2005, Omni Pinnacle, LLC's ("Omni") predecessor in interest, Pinnacle Contracting, Inc., entered into a contract with the St. Tammany Parish (the "Parish") to provide debris removal services within the Parish.[2] On September 22, 2005, David Graves ("Graves") entered into a contract with Omni to perform debris cleanup work related to Hurricane Katrina (the "Project") under Omni's contract with the Parish. In that contract, Graves expressly agreed that he

---

[1] Rec. Doc. 103. The Court notes that the Clerk is not a party to this proceeding. Only after this Court issued an order distributing funds did the Clerk contact this Court, stating that she had failed to deduct fees from the funds that were deposited in this case. However, after allowing the Clerk to make her appeal in a status conference called by the Court, the parties did not object to the Court addressing the Clerk's request. Rec. Doc. 93.

[2] Petition, Rec. Doc. 1-1 at p. 6; Graves Answer, Manually Filed, Rec. Doc. 11-2.

1

was not "entitled to payment to the extent there is . . . claimed failure of [Graves] to make payments to [his] subcontractors, suppliers or laborers."[3]  Graves, in turn, entered into contracts with a number of subcontractors ("Graves's Subcontractors") to perform debris removal services under that contract.[4]

After completion of the Project, a number of lawsuits were filed in state and federal courts over payments due under the various contracts.  On September 14, 2009, Graves settled his claims against the Parish.  Under that settlement, Graves was to receive funds totaling $1.1 million ("Settlement Funds") in satisfaction of his claims against the Parish and/or Omni.  While the Parish secured the Settlement Funds from FEMA, Graves entered into settlement agreements with many of his subcontractors.  In the settlement agreements, Graves and his subcontractors agreed that the subcontractors would be paid from the Settlement Funds upon Graves's receipt of the Settlement Funds from the Parish.[5]

On February 8, 2011, the IRS issued a notice of levy to Omni for any property held by it belonging to Graves.  On April 18, 2011, the Parish filed a Petition for Concursus in the 22nd Judicial District Court, St. Tammany Parish.[6]  The Parish filed the Petition for Concursus to have the court determine the entitlement of various potential claimants to the Settlement Funds, including Graves, Graves's Subcontractors, and the United States.  In connection with the Petition for Concursus, the Parish deposited the Settlement Funds into the Registry of the Court.

---

[3] Contract of David Graves with Omni, Rec. Doc. 66-5 at ¶ 5.3

[4] Petition, Rec. Doc. 1-1 at p. 6; Graves Answer, Manually Filed, Rec. Doc. 11-2.

[5] Rec. Doc. 17 at pp. 1-2.

[6] Petition, Rec. Doc. 1-1 at p. 1.

On June 22, 2011, the United States removed this action to the Eastern District of Louisiana where it initially was assigned to Section "C," Judge Berrigan.[7] It was later transferred to Section "B," Judge Lemelle, because it was determined that this case related to an action previously heard by Judge Lemelle.[8] Subsequently, this case was transferred to this Section, Section "G," on October 7, 2011.[9]

On April 18, 2012, after the parties agreed to settlement of the funds, this Court granted a Motion to Transfer Money Held in State Court, wherein the Court ordered the Clerk to tender to the Financial Unit for the Clerk of Court, Eastern District of Louisiana, the amount of $1,100,000 deposited in the matter of *Parish of St. Tammany v. Omni Pinnacle, L.L.C. and Shaw Environmental, Inc., et al.*, No. 2007-10755, Div. "I", plus all interest accrued on said funds since the date of deposit.[10] Subsequently, the Clerk transferred these funds to the Eastern District of Louisiana.

On May 3, 2012, the Court granted the parties' Motion for Distribution of Funds.[11] Before the Financial Clerk for the Eastern District of Louisiana could distribute the funds, an individual from the Clerk of Court's Office for the 22nd Judicial District Court for the Parish of St. Tammany contacted the Financial Clerk for the Eastern District of Louisiana to inform her that the Clerk of Court's Office for the 22nd Judicial District Court for the Parish of St. Tammany had failed to withhold court costs before transferring the funds to the Eastern District of Louisiana. The Clerk then contacted this Court with the same message. On May 23, 2012, this Court held a status

---

[7] Rec. Doc. 2.

[8] Rec. Doc. 4.

[9] Rec. Doc. 33.

[10] Rec. Doc. 87.

[11] Rec. Doc. 90.

conference with the parties and the Clerk.[12] Hearing no objection from the parties, the Court ordered the Clerk to submit a briefing within five days of the status conference providing the Court with a legal basis for its claim to the funds, to address whether it could waive the fee it alleges it is owed, and stating whether it did, in fact, waive such fee.[13] The Court then allowed the parties three (3) days to respond, individually or collectively, to the Court's request.[14]

Subsequently, the Clerk filed a Motion for Leave to File Motion for Payment of St. Tammany Court Costs,[15] which the Court allowed.[16] In the Motion, the Clerk requests payment of $5,655.31 in court costs incurred in the matter from April 18, 2011 to date. The Court has received oppositions from the Parish,[17] the United States,[18] and many other defendants.[19]

## II. Parties' Arguments

In her motion, the Clerk relies on the Louisiana Code of Civil Procedure which states:

> When money has been deposited into the registry of the court by the plaintiff, neither he nor any other party shall be required to pay any of the costs of the proceeding as they accrue, but these shall be deducted from the money on deposit. The court may award the successful claimant judgment for the costs of the proceeding which have been deducted from the money on deposit, or any portion thereof, against any other claimant who contested his right thereto, as in its judgment may be considered

---

[12] Rec. Doc. 93.

[13] *Id.*

[14] *Id.*

[15] Rec. Doc. 94.

[16] Rec. Doc. 102.

[17] Rec. Doc. 100.

[18] Rec. Doc. 97.

[19] *See* Rec. Doc. 95; Rec. Doc. 96; Rec. Doc. 98; Rec. Doc. 99; Rec. Doc. 101.

> equitable. In all other instances, the court may render judgment for costs as it considers equitable.[20]

The Clerk goes on to state that it is her policy and procedure in concursus suits to pay all filing fees previously incurred in the proceedings from funds in the Registry of the Court upon the conclusion of the suit and receiving the order for withdrawal of funds from the Registry of the Court. The Clerk then states that, in this case, no funds were withdrawn as this Court's Order to transfer the funds to the Eastern District of Louisiana made no mention of assignment of costs. The Clerk further states that the case has not been dismissed or closed in state court and cannot be dismissed until all costs are paid.[21]

Finally, the Clerk states that it was proffered in the status conference held on May 23, 2012 that the majority of the outstanding costs are those of the Parish. The Clerk then argues that under Louisiana law, when a governmental entity is the plaintiff who settles a case prior to a judgment being rendered, it remains the governmental entity's duty to assist in the collection of court costs.[22]

---

[20] La. C. C. P. art. 4659.

[21] Rec. Doc. 103-1 at p. 4 (citing La. C. C. P. art 5187 ("No judicial proceeding in which a party has been permitted to litigate without the payment of costs shall be dismissed prior to judgment, unless all costs due these public officers have been paid . . . No release of a claim or satisfaction of a judgment shall be effective between the parties to a judicial proceeding in which one of the parties has been permitted to litigate without the payment of costs unless all costs due the clerk of court have been paid. The clerk of court shall have a lien for the payment of such costs superior to that of any other party on any monies or other assets transferred in settlement of such claim or satisfaction of such judgment and shall be entitled to collect reasonable attorney's fees in any action to enforce this lien for the payment of such costs.")).

[22] *Id.* at p. 5 (citing La. R.S. 13:4521(5)(B) ("It shall be the duty of the exempted entities set forth above to assist in the collection of court costs due by the opposing litigants by requesting the court in question to tax costs in accordance with the provisions of Article 1920 of the Code of Civil Procedure. In this regard the entities are authorized to and shall withhold any court costs due by the opposing litigants, from any settlement payment to the said parties, and shall forward said costs to the clerk of court.").

In response, the Parish[23] first argues that it is exempt from payment of court costs.[24]  The Parish then states that it did, in fact, assist the Clerk in collection of court costs.  The Parish states that, in the Petition for Concursus, the Parish requested that reasonably attorneys' fees and costs be paid out of the funds deposited into the Registry of the Court.[25]  The Parish further notes that the state court issued an order on April 18, 2011 which included the following directives regarding court costs:

> **IT IS HEREBY ORDERED** that the Parish is granted leave of Court to deposit into the Registry of the Court the sum of one-million one-hundred thousand dollars ($1,100,000) ("Settlement Funds") and that such funds be held by the Clerk of Court until a Judgment is issued in the above captioned matter directing the distribution of such funds, exclusive of costs of this proceeding;
>
> **IT IS FURTHER ORDERED that all parties to this concursus proceeding are relieved of the necessity of paying any of the costs thereof as they accrue, and that the Clerk of Court is directed to deduct those costs from the money deposited into the Registry of the Court.**[26]

Thus, the Parish argues that it obtained an order from the state court at the inception of this matter directing the Clerk to deduct costs as they accrued from the money deposited into the registry of the court and that the Clerk simply failed to comply with this order.  Further, the Parish contends that it did not receive an invoice from the Clerk during these proceedings, which would have given the Parish notice that the Clerk had not been deducting costs as they accrued, in accordance with the

---

[23] Because, for the reasons set forth below, the Court finds the briefings of the Parish and the United States conclusive, the Court will not address the other oppositions filed in this matter.

[24] Rec. Doc. 100 (citing La. R.S. 13:4521(A)(1) "Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision . . . shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision . . .in any court of this state or any municipality of this state . . . .")).

[25] *Id.* (citing Petition for Concursus, Rec. Doc. 1-1 at pp. 9-10).

[26] *Id.* (citing April 18, 2011 Order, Rec. Doc. 1-1 at pp. 18-19).

state court's order.

In its opposition to the Clerk's claim, the United States argues that the Clerk is not entitled to court costs because, following this Court's order of distribution, the remaining funds are attached by a federal tax lien and that such costs may not be paid in derogation of a federal tax lien.[27] Further, the United States argues that the Clerk's reliance on Louisiana state law to support the proposition that the case is still an open suit in the 22nd Judicial District Court of St. Tammany Parish is misguided. The United States argues that once this case was removed to federal court, the state court was deprived of all jurisdiction over the case barring remand.[28] The United States contends, although the case may remain administratively open in the 22nd Judicial Court of St. Tammany Parish, there can be no open case before that court as it does not have jurisdiction, and therefore, the statutes relied upon by the Clerk do not require the payment of costs.

### III. Analysis

First, the Court notes that the Parish is correct in its argument that it is exempt from payment of the court costs at issue. La. R.S. 13:4521(A)(1) states:

---

[27] Rec. Doc. 97 at p. 6 (citing *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974)).

[28] *Id.* at p. 7 (citing *Murray v. Ford Motor Co.*, 770 F.2d 461, 463 (5th Cir. 1985).

> Except as provided in R.S. 13:5112, R.S. 19:15 and 116, and R.S. 48:451.3, and as hereinafter provided, neither the state, nor any parish, municipality, nor other political subdivision . . . shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state, or any such parish, municipality, or other political subdivision . . . in any court of this state or any municipality of this state . . . .

Thus, the Parish's position is supported by law.

Additionally, while the Clerk states that the case is currently listed as an open case in the 22nd Judicial Court for the Parish of St. Tammany, the state court, barring remand, no longer has jurisdiction over this matter as a result of it receiving notice of the removal.[29] Because the state court no longer has jurisdiction over this matter, the Clerk's arguments in favor of payment on the basis that it cannot close the case prior to receiving costs fail.

The Court also finds that the Clerk has waived any entitlement to court costs in this matter. This Court specifically directed the Clerk to address whether it could waive the fee it alleges it is owed and whether it did, in fact, waive such fees.[30] In its briefing, the Clerk has failed to address the issue of waiver. However, it is clear from the Parish's briefing that the Clerk did in fact waive any entitlement to fees that it may have had in this matter. As the Parish noted, the state court's April 18, 2011 order specifically stated:

> **IT IS FURTHER ORDERED** that all parties to this concursus proceeding are relieved of the necessity of paying any of the costs thereof as they accrue, and that the Clerk of Court is directed to deduct those costs from the money deposited into the Registry of the Court.[31]

The Clerk was explicitly ordered to deduct any costs from the money deposited into the Registry of the Court, and the Clerk failed to adhere to this order. Thus, this Court finds that the Clerk waived

---

[29] *Murray*, 770 F.2d at 463 (setting aside a default judgment issued by the state court after it received notice of removal because the state court no longer had jurisdiction after receiving such notice).

[30] Rec. Doc. 93 at p. 2.

[31] April 18, 2011 Order, Rec. Doc. 1-1 at p. 18.

any entitlement to fees that it may have had in this matter.   Accordingly;

**IT IS ORDERED** that the Clerk's Motion for Payment of St. Tammany Parish Court Costs is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of July, 2012.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **UNITED STATES DISTRICT JUDGE**