**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ST. TAMMANY PARISH**                           **CIVIL ACTION**

**VERSUS**                                        **CASE NO. 11-1472**

**OMNI PINNACLE, L.L.C., ET AL.**                 **SECTION: "G"(1)**

## ORDER AND REASONS

Currently before the Court is the United States' Motion for Partial Summary Judgment,[1] in which the United States requests (1) that this Court find that the United States' tax liens against David Graves attach to his interest in the settlement funds at issue; and (2) that neither St. Tammany Parish nor Jeff Bratton is entitled to have fees and costs paid from the portion of the settlement funds due to the United States.  St. Tammany Parish submitted a response to the United States' motion,[2] wherein St. Tammany Parish stated that it has no objection to the relief sought by the United States, but it requested that any judgment issued in this case include certain conditions that were initially requested in its Petition for Concursus.  Jeff Bratton, an attorney appointed by the 22nd Judicial District Court, St. Tammany Parish, prior to the removal of this case, has not filed an opposition to the United States' motion; however, in response to this Court's order,[3] he briefed the issue of his fees in the proposed pretrial order.[4]  After considering the motion, St. Tammany's Parish's response, Jeff Bratton's briefing, the record, and the applicable law, the Court will grant the United States'

---

[1] Rec. Doc. 66.

[2] Rec. Doc. 70.

[3] Rec. Doc. 79.

[4] Rec. Doc. 80.

1

motion, recognizing that the United States' lien attaches only to David Graves's interest in the settlement funds.  Further, the Court will grant the United States' motion insofar as it requests that this Court determine that neither St. Tammany Parish nor Jeff Bratton is entitled to have fees and costs paid from the portion of the settlement funds due to the United States.[5]

## I.  Background

On April 8, 2005, Omni Pinnacle, LLC's ("Omni") predecessor in interest, Pinnacle Contracting, Inc., entered into a contract with St. Tammany Parish (the "Parish") to provide debris removal services within the Parish.[6]  On September 22, 2005, David Graves ("Graves") entered into a contract with Omni to perform debris cleanup work related to Hurricane Katrina (the "Project") under Omni's contract with the Parish.  In that contract, Graves expressly agreed that he was not "entitled to payment to the extent there is . . . claimed failure of [Graves] to make payments to [his] subcontractors, suppliers or laborers."[7]  Graves, in turn, entered into contracts with a number of subcontractors ("Graves's Subcontractors") to perform debris removal services under that contract.[8]

After completion of the Project, a number of lawsuits were filed in state and federal courts regarding payments due under the various contracts.  On September 14, 2009, Graves settled his claims against the Parish.  Under that settlement, Graves was to receive funds totaling $1.1 million ("Settlement Funds") in satisfaction of his claims against the Parish and/or Omni.  While the Parish

---

[5] The Court finds, however, that it appropriate for Jeff Bratton to be paid from the interest accrued on the funds to which the United States' lien does not attach.

[6] Petition, Rec. Doc. 1-1 at p. 6; Graves Answer, Manually Filed into the Court Record, Rec. Doc. 11-2.

[7] Contract of David Graves with Omni, Rec. Doc. 66-5 at ¶ 5.3

[8] Petition, Rec. Doc. 1-1 at p. 6; Graves Answer, Manually Filed into the Court Record, Rec. Doc. 11-2.

secured the Settlement Funds from FEMA, Graves entered into settlement agreements with many of his subcontractors.  In the settlement agreements, Graves and his subcontractors agreed that the subcontractors would be paid from the Settlement Funds upon Graves's receipt of the Settlement Funds from the Parish.[9]

On February 8, 2011, the IRS issued a notice of levy to Omni for any property held by it belonging to Graves.  On April 18, 2011, the Parish filed a Petition for Concursus in the 22nd Judicial District Court, St. Tammany Parish.[10]  The Parish filed the Petition for Concursus to have the court determine the entitlement of various potential claimants to the Settlement Funds, including Graves, Graves's Subcontractors, and the United States.

After the Parish filed its Petition for Concursus, Jeff Bratton ("Bratton") was appointed by the 22nd Judicial District Court, St. Tammany Parish, to be the attorney representative within the concursus action for a number of Graves's Subcontractors who were deemed to be "absentees" within the meaning of Louisiana Code of Civil Procedure art. 5251.[11]  In doing so, the 22nd Judicial District Court ordered Bratton to be paid from the settlement funds.[12]

On June 22, 2011, the United States removed this action to the Eastern District of Louisiana where it initially was assigned to Section "C," Judge Berrigan.[13]  It was later transferred to Section "B," Judge Lemelle, because it was determined that this case related to an action previously heard

---

[9] Rec. Doc. 17 at pp. 1-2.

[10] Petition, Rec. Doc. 1-1 at p. 1.

[11] Rec. Doc. 8-1; Rec. Doc. 8-2.

[12] Rec. Doc. 8-1.

[13] Rec. Doc. 2.

by Judge Lemelle.[14]   Subsequently, this case was transferred to this Section, Section "G," on October 7, 2011.[15]

On January 4, 2012, with leave of court, Smith, Currie and Hancock, LLP and Krebs, Farley & Pelleteri, PLLC (collectively the "Intervening Parties"), two law firms who have represented Graves in this and other litigation arising from Graves's contract with Omni, filed a complaint in intervention.[16]   In the complaint in intervention, the Intervening Parties seek to recover a percentage of the Settlement Funds that they helped Graves procure from Omni and the Parish, pursuant to a contingency fee agreement.

On January 10, 2012, the United States filed the instant Motion for Partial Summary Judgment.[17]   The Parish submitted a response to the United States' motion wherein it stated that it has no objection to the relief sought by the United States but requested that any judgment issued in this case include certain conditions that were initially requested in its Petition for Concursus. Bratton has not filed an opposition to the United States' motion; however, in response to this Court's order during the pretrial conference,[18] Bratton briefed the issue of his fees in the proposed pretrial order.[19]   Subsequently, pursuant to this Court's order,[20] various parties filed briefs addressing whether the United States would be entitled to interest earned on the monies owed to Graves's

---

[14] Rec. Doc. 4.

[15] Rec. Doc. 33.

[16] Rec. Doc. 64.

[17] Rec. Doc. 66.

[18] Rec. Doc. 79.

[19] Rec. Doc. 80.

[20] Rec. Doc. 104.

Subcontractors and the Intervening Parties.[21]

## II.  Parties' Arguments

In its motion, the United States submits that Graves failed to file federal tax returns for the tax years 2005 and 2006.  Consequently, the IRS investigated Graves's income tax liabilities for those years.[22]  In September 2009, a delegate of the Secretary of the Treasury assessed federal income tax, penalties, and interest for the 2005 and 2006 tax years against Graves for $7,282,215.54.[23]

The United States argues that its tax lien extends to whatever interest Graves has in the Settlement Funds.  The United States acknowledges that its lien only extends to Graves's property interest and that its lien does not extend to the funds owed to Graves's Subcontractors or the attorneys' fees owed to the Intervening Parties, as Graves does not have a property interest in those funds. The United States asserts that it is entitled to the remaining funds after excluding the funds owed to Graves's Subcontractors and the Intervening Parties.  Further, in its supplemental briefing, the United States admits that it is not entitled to interest earned on the funds owed to Graves's Subcontractors and the Intervening Parties.[24]

The United States specifically argues that the Parish should not recover its costs in derogation of the United States' interest in the Settlement Funds.  The United States notes that in

---

[21] *See* Rec. Doc. 105; Rec. Doc. 106.

[22] Declaration of IRS Technical Services Advisor Vickie Salter, Rec. Doc. 66-6 at ¶5.

[23] *Id.* at ¶11.

[24] Rec. Doc. 105.

the Parish's petition filed in state court, the Parish asked that it recover its attorney's fees and costs from the stake it interpleaded.[25]  The United States then explains that, in its response to the United States' interrogatories, the Parish withdrew its claim for legal fees but made no mention of costs.[26]  The United States then argues that a stakeholder in an interpleader case is not entitled to be paid its attorney's fees and costs when such funds would be payable out of funds that are subject to a federal tax lien.  Because the remaining funds are subject to the United States' tax lien on Graves, the United States argues that the Parish is not entitled to fees or costs.

In its response, the Parish states that it "has no objection to the relief sought by the Government."[27]  Instead, the Parish requests that any judgment issued by the Court be subject to the conditions requested by the Parish in its Petition for Concursus.  Specifically, the Parish requests that: (1) the Parish be dismissed from any and all claims which may arise from the parties' claims to the Settlement Funds; (2) the order provide that the deposit of the Settlement Funds made by the Parish is for the benefit of Omni and eliminates any obligation on behalf of Omni to the parties; and (3) no money be paid to Graves or the Government unless all claims of Graves's lower tier subcontractors are resolved.[28]

In its motion, the United States further argues that Bratton is not entitled to recover his fees

---

[25] Petition, Rec. Doc. 1-1 at p. 9.

[26] Rec. Doc. 66-7 at p. 4.

[27] Rec. Doc. 70 at p. 1.

[28] *Id.* at pp. 1-2.  The Court notes that the Court's Order and Judgment issued on May 3, 2012 stated that "payments to all subcontractors as ordered above shall constitute satisfaction of the condition precedent to Graves's, the United States' and the Intervening Parties' ability to receive any portion of the Settlement Funds.  The Order and Judgment further dismissed the Parish with prejudice from any and all claims by any and all defendants to the Concursus funds and eliminated any and all obligations of Omni for future payment to any and all defendants arising from the Project.  Rec. Doc. 90.

and costs in derogation of the United States' interest in the settlement funds. The United States notes that the state court order appointing Bratton stated that Bratton is to be paid from the settlement funds,[29] but the United States argues that because these funds are subject to the United States' tax lien on Graves, Bratton cannot receive these funds.

In the Joint Pretrial Order, Bratton explains his position regarding his recovery of costs and fees. In this briefing, Bratton states that his out-of-pocket expenses total $1,372.42, not including telephone tolls and fax costs which he estimates at $250, and Bratton states that he has expended approximately eighty hours in performance of his duties as attorney representative for absentee parties. Bratton then states that the order which assigned him his duties included a provision for the payment of his fees and costs from the corpus of the funds placed on deposit with the Court. Bratton then cites the Louisiana Code of Civil Procedure for the proposition that the fees of the attorney for absentees shall be paid by the petitioner, here the Parish, and that such fees shall be taxed as costs of the court. Bratton argues that the Parish has waived its claims to fees but not costs, and therefore, Bratton argues that it is appropriate to provide for the payment of fees and costs to him from the corpus of funds on deposit, as originally ordered by the state court.

In response, the United States contends that the portion of the Louisiana Code of Civil Procedure upon which Bratton relies states that the fee is to be paid by the plaintiff and taxed as costs of the court. The United States argues that even if the Louisiana Code of Civil Procedure authorizes Bratton's fees and costs, the case law makes clear that these fees and costs cannot be paid to a stakeholder plaintiff in an interpleader action in derogation of the United States' tax lien. The United States further argues that Bratton's claims for fees and costs do not fall within any of the

---

[29] Rec. Doc. 8-1.

exceptions recognized by federal law that would permit Bratton's claims to have priority over the United States' tax lien.  Therefore, the United States contends that Bratton cannot recover his fees from any portion of the Settlement Funds to which the tax lien attaches.


### III.  Law and Analysis

#### A.  *Standard on Motion for Summary Judgment*

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."[30]  When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[31]  All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[32]   If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[33]

As here, if the dispositive issue is one on which the moving party bears the burden of proof

---

[30] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[31] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008).

[32] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[33] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[34]  The nonmoving party can defeat the motion by either countering with sufficient evidence of its own, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[35]

**B.  Whether the United States' Tax Lien Against David Graves Attaches to Graves's Interest in the Settlement Funds**

Pursuant to 26 U.S.C. §§ 6321 and 6322, the United States became entitled to liens for unpaid taxes against all of Graves's property and rights to property on the dates that assessments were made against Graves for the liabilities he incurred for his unpaid taxes in 2005 and 2006. These liens also attached to all of Graves's after-acquired property, including the settlement funds at issue in this case.[36]

No party has disputed that the United States' tax lien against Graves attaches to Graves's interest in the Settlement Funds at issue in this case.  Further, no party has disputed that the United States' lien does not apply to the amount of settlement funds due to Graves's Subcontractors[37] and

---

[34] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991).

[35] *Id.* at 1265.

[36] *See United States v. McDermott*, 507 U.S. 447, 448 (1993) (citing *Glass City Bank v. United States*, 326 U.S. 265 (1945)).

[37] This portion of the Settlement Funds is excluded, as Graves does not have a property interest in these funds.  Graves's contract with Omni contained a clause in which Omni retained a contractual right to withhold payments otherwise due to Graves because of non-payment to his subcontractors.  Therefore, under that contract, Graves has no property right in the amount of settlement funds that remains due to his subcontractors.  *See Capitol Indemnity Corp. v. United States*, 452 F.3d 428, 432 (5th Cir. 2006).

the fees obtained by the Intervening Plaintiffs.[38]  Further, the United States admits that its lien does not extend to the interest earned on the funds due to Graves's Subcontractors and the Intervening Parties.[39]  Because the remaining funds contained within the Settlement Funds are the property of Graves, no material issue of fact exists as to whether the United States has a valid tax lien against these funds.

### C.  Whether the Parish is Entitled to Have Its Fees and Costs Paid from the Portion of the Settlement Funds Due to the United States

A stakeholder in an interpleader case is not entitled to be paid its attorney's fees and costs when such fees would be payable out of funds that are subject to a federal tax lien.[40]  In its petition, the Parish sought to recover its attorney's fees and costs from the stake that it interpleaded.  During discovery, the Parish stated that it was no longer seeking attorney's fees but did not state whether it still sought costs.  However, in its response to the United States' motion, the Parish stated that it "has no objection to the relief sought by the Government."[41]  Therefore, because the Parish did not object to the United States' argument that the Parish is not entitled to costs and fees from the portion of settlement funds due to the United States, and because the Parish would not be entitled to attorney's fees and costs, as these would be payable out of funds that are subject to a federal tax lien, no material issue of fact exists to demonstrate that the Parish may be entitled to fees and costs in this

---

[38] 26 U.S.C. § 6323(b)(8) grants a priority lien to "an attorney who, under local law, holds a lien upon or a contract enforceable against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement."  Moreover, La. R.S. 37:218(A) also provides for such a lien.  Pursuant to the Intervening Plaintiffs' contracts with Graves, they are entitled to their fees earned in obtaining the settlement.

[39] Rec. Doc. 105.

[40] *Spinks v. Jones*, 499 F.2d 339, 340 (5th Cir. 1974).

[41] Rec. Doc. 70 at p. 1.

matter.

**D.   Whether Bratton is Entitled to Have His Fees and Costs Paid from the Portion of the Settlement Funds Due to the United States**

Article 5091(A)(1)(a) of the Louisiana Code of Civil Procedure states, "The court shall appoint an attorney at law to represent the defendant . . . when it has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction."  Further, Article 5096 of the Louisiana Code of Civil Procedure provides:

> The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court.
>
> The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney.  If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.

However, as the Court has noted, a stakeholder in an interpleader case is not entitled to be paid its attorney's fees and costs when such fees would be payable out of funds that are subject to a federal tax lien.[42]

Article 5096 explicitly states that any fee for the attorney appointed to represent a defendant shall be paid by the plaintiff but taxed as costs of the court.  Here, the plaintiff is the Parish.  As explained above, the Parish is not entitled to any fees or costs that would be payable out of funds that are subject to a federal tax lien.  Because these fees and costs are subordinate to the federal tax

---

[42] *Spinks*, 99 F.2d at 340.

lien, no material issue of fact exists to show that Bratton is entitled to any funds subject to the United States' tax lien.

### E. Whether Bratton is Entitled to Any Funds

Although Bratton cannot recover fees or costs from funds that are subject to the United States' tax lien, the United States does not dispute that it does not have a tax lien on the funds due to Graves's Subcontractors, including the absentee defendants represented by Bratton.  In this Court's Order and Judgment distributing funds to Graves's Subcontractors, the Intervening Plaintiffs, and the United States, which was based on a settlement reached and agreed to by counsel for all parties, including Bratton, the United States, and the Parish,[43] the Court specifically stated that, "Disbursements will be made without interest and only for the amounts listed."[44] Because some of the interest that has accrued on these funds was interest accrued on amounts owed to Graves's Subcontractors and the Intervening Parties, the United States's lien does not apply to these funds. Therefore, the Court finds that Bratton's costs and fees may be paid out of the interest accrued on the funds distributed to Graves's Subcontractors and the Intervening Parties.[45]

### IV.  Conclusion

For the reasons set forth above, the Court finds that the United States has a valid lien on David Graves's interest in the Settlement Funds at issue in this case.  However, the United States'

---

[43] *See* Rec. Doc. 84; Rec. Doc. 88.

[44] Rec. Doc. 90 at p. 1.

[45] At least one court has found that a stakeholder may be paid its fees and costs from funds that are due to parties other than the United States, like Graves's Subcontractors and the Intervening Parties in this matter, even though these costs and fees may not be paid by the inferior interest that is subject to a federal tax lien.  *Island Title Corp. v. Bundy*, 488 F. Supp. 2d 1084 (D. Haw. 2007).  However, here, all parties, including the Parish and Bratton, agreed to the disbursement of funds to Graves's Subcontractors and the Intervening Parties without subtracting any fees or costs.  *See* Rec. Doc. 84; Rec. Doc. 88.  Therefore, the Court will not deduct fees or costs from these funds.

lien does not extend to interest accrued on funds due to Graves's Subcontractors and the Intervening Parties.  Further, the Court finds that neither the Parish nor Bratton is entitled to fees or costs disbursed from the portion of the Settlement Funds on which the United States has a valid lien.  The Court also takes notice that Bratton participated and consented to the settlement agreement regarding the Intervening Parties and Graves's Subcontractors, including those who he was appointed to represent, and unlike the Intervening Defendants, Bratton failed to negotiate or account for payment of his fees or costs from the Settlement Funds.  Nevertheless, the Court finds that Bratton's costs and fees may be paid from the interest accrued on the funds distributed to Graves's Subcontractors and the Intervening Parties.  Accordingly;

**IT IS ORDERED** that the United States' Motion for Partial Summary Judgment[46] is **GRANTED**.

**IT IS FURTHER ORDERED** that Bratton's costs and fees are to be paid from the interest accrued on the funds to be distributed to Graves's Subcontractors and the Intervening Parties pursuant to this Court's previously entered Order and Judgment.[47]

**NEW ORLEANS, LOUISIANA**, this __3rd__ day of July, 2012.

**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[46] Rec. Doc. 66.

[47] Rec. Doc. 90.

13